case both grandchildren should refuse to comply. That would have furnished a case of intestacy, and, in that event, they would have taken, not under the will, but as heirs. It should also be noted that the taking by the cousin and the nephews and nieces, named in the fourth clause, although dependent upon the death of both grandchildren without issue, is also, by the language, directly connected with the provisions relating to the disposition of the property in case of compliance by one and of refusal by the other. The will is peculiar and its construction is not without difficulty. Without the provisions which contain the expression of testator's wishes and the conditions designed to secure compliance, it is similar to those where the rule has been applied. With these provisions and conditions, it is unnecessary to resort to the rule, for they make it clear that testator intended a death without issue during his life. In any event, it seems to me that they show a situation which does not require a construction of the language according to its natural import.

Findings may be prepared accordingly.

(160 App. Div. 366)

### LUTHER v. FONDA, J. & G. R. CO.

(Supreme Court, Appellate Division, Third Department. January 21, 1914.)

1. EVIDENCE (§ 598*)—WEIGHT—NUMBER OF WITNESSES.

    The mere number of the witnesses, even if some of them are disinterested, is not necessarily controlling in determining the weight of the evidence.

    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2450–2452; Dec. Dig. § 598.*]

2. CARRIERS (§ 276*) — PASSENGERS — ACTIONS FOR INJURIES — SUFFICIENCY OF EVIDENCE.

    In an action by an interurban passenger for injuries alleged to have been sustained by falling into a culvert while walking back to the station, after having been put off about a quarter of a mile beyond the station, evidence *held* to sustain a finding that plaintiff was carried beyond the station and put off at the point claimed.

    [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1078, 1079; Dec. Dig. § 276.*]

    Smith, P. J., and Kellogg, J., dissenting.

Appeal from Trial Term, Schenectady County.

Action by John S. Luther against the Fonda, Johnstown & Gloversville Railroad Company. From a judgment for plaintiff and an order denying his motion for a new trial, defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Charles S. Nisbet, of Amsterdam, for appellant.

Samuel Levy, of Schenectady (Charles G. Fryer, of Schenectady, of counsel), for respondent.

WOODWARD, J. The plaintiff in this case became a passenger upon the defendant's interurban trolley car at Schenectady, about 9 o'clock in the evening of July 14, 1912; his destination being a place

known as Rectors Station. The night was dark, the car was crowded, and the plaintiff, with a companion, went into the smoking compartment, and the conductor does not appear to have applied for his fare until about the time they reached Rectors Station. The plaintiff's version is that when about 400 feet from the station he signaled to the conductor to stop, but that the conductor looked out of the window, and when the plaintiff handed him a $2 bill from which to take the fares the conductor told him they had already passed the station; that the conductor rang the bell, and the car came to a standstill at a point several hundred feet short of the station known as the Washout, and which was about a quarter of a mile beyond Rectors Station, the running time between the two stations being one minute. The plaintiff says that the conductor told him to get out of the car; that he did so, and the car immediately proceeded on its way; that the plaintiff and his companion looked around them, but could see no station, no highway, no signs, or anything to indicate their position; that they determined to return to Rectors Station by way of the defendant's right of way; that plaintiff walked in the space between the double-track railroad, while his companion walked between the rails; and that after coming in contact with the trolley poles, etc., he suddenly fell into a culvert and received the injuries for which the jury has awarded him $3,000. The accident happened about 400 or 500 feet from the point where the plaintiff alighted from the car; but we are of the opinion that, under the circumstances narrated by the plaintiff, the defendant was liable for any injury resulting to the former while exercising reasonable care in his progress in reaching a place of safety.

The defendant's conductor and motorman both testified positively that the car stopped at the Washout Station, and that the station was lighted, and that the plaintiff and his companion alighted at this station, and they are corroborated in this by a passenger who appears to have been entirely disinterested. Of course, if this was true, and the plaintiff was properly landed at a station connecting with a highway, and he voluntarily attempted to return to Rectors Station by way of the defendant's right of way, there would be no liability on the part of the defendant, for the latter does not invite persons to use its right of way in this manner, and the law forbids persons making such use of it; but the difficulty is that the plaintiff and his companion testify to a different state of facts, and one which involves liability.

[1] Mere numbers of witnesses, even where some of them are entirely disinterested, from a legal standpoint is not controlling upon the weight of evidence, and, where there is nothing inherently improbable in the facts and circumstances narrated, it is usually safe to rely upon the determination of the triers of fact.

[2] Either story is entirely probable. There is no particular reason why the facts may not have been as the plaintiff and his companion narrate them. The jury has accepted this version, and we are not disposed to hold that the determination is against the weight of evidence.

The judgment and order appealed from should be affirmed, with costs. All concur, except SMITH, P. J., and KELLOGG, J., dissenting.